UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

RAYCO SAUNDERS,

    Plaintiff,

v.                                         CIVIL ACTION NO. 5:20-cv-00221

RALEIGH COUNTY and
SOUTHERN REGIONAL JAIL and
CITY OF BECKLEY and SCOTT E. JOHNSON and
T.A. BOWERS and KRISTEN KELLER and
BRIAN PARSONS and THE HONORABLE ADAM DIMLICH
and DONNIE R. WHITE and TOMI S. PECK and
CHARLES R. HUMPHREYS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Defendant City of Beckley's Motion to Dismiss in Lieu of Answer [Doc. 35], and Amended Motion to Dismiss in Lieu of Answer [Doc. 41]; Defendants Southern Regional Jail ("SRJ"), Scott E. Johnson, the Honorable Andrew Dimlich, the Honorable Tomi S. Peck, and the Honorable Charles R. Humphrey's Motion to Dismiss [Doc. 38]; Defendants Sgt. T.A. Bowers and Cpl. D.R. White's Motion to Dismiss [Doc. 44]; and Defendants Raleigh County, Kristen Keller, and Brian Parson's Motion to Dismiss in Lieu of an Answer [Doc. 46].

**I.**

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on May 18, 2020. Magistrate Judge Aboulhosn

recommended that the Court grant the Defendants' Motions to Dismiss [Docs. 35, 38, 41, 44, 46], dismiss Plaintiff Rayco Saunders' Complaint [Doc. 3] with prejudice, and remove this matter from the Court's docket. Mr. Saunders timely filed multiple objections on June 1, 2020. [Doc. 64].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

Mr. Saunders objects to the Magistrate Judge's application of 28 U.S.C. § 1915(e), which concerns proceedings *in forma pauperis*. [Doc. 64 at 2]. Mr. Saunders' application to proceed *in forma pauperis* was granted on January 7, 2020. [Doc. 2]. It appears that Mr. Saunders contends he is not a prisoner as defined by the statute and, therefore, § 1915(e) is inapplicable.

Section 1915 has been construed by courts as applying to all persons proceeding *in forma pauperis*, not just prisoners. *See Lister v. Dept. of Treasury*, 408 F.3d 1309 (10th Cir. 2005);

*Martinez v. Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004); *Floyd v. United States Postal Serv.*, 105 F.3d 274 (6th Cir. 1997); *Haynes v. Scott*, 116 F.3d 137 (5th Cir. 1997). As such, the Court concludes that 28 U.S.C. § 1915 is applicable to Mr. Saunders.

Pursuant to § 1915(e), "the court shall dismiss the case if . . . the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As the Magistrate Judge noted -- in comprehensive fashion -- Mr. Saunders' Complaint and Amended Complaint both fail to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To this point, Mr. Saunders fails to direct the Court to any specific error in the PF&R. Rather, he provides conclusory statements that the factual allegations set forth in his Complaint entitle him to relief, as well as a general summation of the federal pleading standard. [Doc. 64 at 4].

When Mr. Saunders' objections do approach the necessary specificity, they are plainly deficient. For example, he insists that the City of Beckley was the entity "responsible for the appointment, training, supervision and conduct of all personnel" at his place of incarceration. (Obj. [Doc. 61] at 4). That is manifestly not the case, inasmuch as he was incarcerated at a facility operated by a state instrumentality. *See, e.g., Hall v. Pszczolkowski*, No. 5:14-150, 2015 WL 6742107, at *3 (N.D.W. Va. Nov. 4, 2015) (holding that "state detention facilities are 'arms of the state'") (citing *Preval v. Reno*, 203 F.3d 821 (Table), No. 99-6950, 2000 WL 20591, *1 (4th Cir. Jan. 13, 2000) (unpublished per curiam)).[1]

---

[1] Mr. Saunders objected to the Magistrate Judge's mention of 28 U.S.C. § 1915A. [Doc. 64 at 2]. It is true that § 1915A concerns "complaint[s] in a civil action in which a prisoner seeks redress from a governmental entity or officer . . . ." 28 U.S.C. § 1915A(a). As correctly noted by Mr. Saunders, he is not a prisoner and, as such, Section 1915A is inapplicable. It is evident, however, that the Magistrate Judge reached his conclusions under the auspices of 28 U.S.C. §

3

Inasmuch as Mr. Saunders fails to direct the Court to any specific error in the PF&R, the Court concludes that Mr. Saunders' objections regarding the plausibility of the claims set forth in his Complaint are without merit. *See Orpiano*, 687 F.2d at 47. Accordingly, the Court **OVERRULES** Mr. Saunders' objection and concludes that dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted.

The Court **ADOPTS** the Magistrate Judge's PF&R [Doc. 59] and **DISMISSES** the case.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTERED: March 29, 2021

Frank W. Volk
United States District Judge

---

1915(e)(2), which governs proceedings *in forma pauperis* for those not incarcerated. *See* PF&R at 23.

Mr. Saunders additionally objects to the Magistrate Judge's conclusion that his § 1983 false arrest, false imprisonment, and abuse of process claims are time-barred. [Doc. 64 at 8]. "[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action." *Owens v. Balt. City State's Attys. Office*, 767 F.3d 379, 388 (4th Cir. 2014). A state's personal injury statute is most appropriate for § 1983 actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Fauconier v. Clarke*, 966 F.3d 265, 273 (4th Cir. 2020). West Virginia law affords plaintiffs two years to file a personal injury action. *See* W. Va. Code § 55-2-12(b). Mr. Saunders' false arrest, false imprisonment, and abuse of process claims were thus timely filed. As further indicated by the balance of the analysis in the PF&R, the claims are substantively deficient on multiple grounds.

4